IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANTONIO RENAULD HENDERSON,§<br>       Plaintiff,  §<br>  § | <br><br>No. 3:08-CV-434-G |
| v.  § | ECF |
|   § | |
| CRIMINAL DISTRICT COURT #3, Et Al., §<br>       Defendants.  § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §636(b), implemented by an Order of the Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS:**

**Type Case:** Petitioner filed a petition for writ of error *coram nobis.*

**Parties:** Petitioner is proceeding pro se and he has paid the filing fee. Defendants are: (1) the Criminal District Court Number 3, Dallas County, Texas; (2) the City of Dallas Police Department; (3) the Dallas County District Attorney's Office; (4) Dallas County; (5) the Texas Department of Criminal Justice, Correctional Institutions Division; and (6) the Texas Board of Pardons and Paroles.

**Statement of the Case:** Petitioner was convicted of aggravated assault and assault of a public servant. *State of Texas v. Antonio Renauld Henderson*, Nos. F-98-4938-J and F98-49939-J, (Crim. Dist. Ct. No. 3, Dallas County, Tex., July 9, 1999). He was sentenced to ten years confinement for the aggravated assault and seven years confinement for assault of a public

servant. On August 30, 2000, the Fifth District Court of Appeals affirmed the convictions. *Henderson v. State*, Nos. 05-99-01136-CR and 05-99-01137 (Tex. App. – Dallas, Aug. 30, 2000). Petitioner's state petitions for writ of habeas corpus were denied.

On July 3, 2003, Petitioner filed a federal petition for writ of habeas corpus. *Henderson v. Dretke*, No. 3:03-CV-1538-K (N.D. Tex.). On October 7, 2004, the Court dismissed the petition as barred by limitations. On November 8, 2005, the Fifth Circuit Court of Appeals denied a certificate of appealability. *Henderson v. Dretke*, No. 04-11449 (5th Cir. Nov. 8, 2005).

On January 25, 2008, Petitioner filed this writ of error *coram nobis*.

**Discussion:**

Petitioner filed this writ of error *coram nobis* challenging his state court convictions. The writ of error *coram nobis*, however, "is not available in federal court to attack state criminal judgments." *Sinclair v. State of Louisiana*, 679 F.2d 513, 515 (5th Cir. 1982); *see also Swaissi v. State*, 2001 WL 1148257 at *1 (N.D. Tex. Sept. 18, 2001) (same). The petition should therefore be dismissed.

**RECOMMENDATION:**

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the petition for writ of error *coram nobis* be dismissed for lack of subject matter jurisdiction, and that all pending motions be denied.

Signed this 22nd day of April, 2009.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on Petitioner.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150.  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).